# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| MARK S. HUNTER, | DOCKET NUMBER |
| Appellant, | SF-0845-15-0711-I-1 |
| v. | |
| OFFICE OF PERSONNEL | DATE: August 19, 2016 |
| MANAGEMENT, | |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Mark S. Hunter, Atwater, California, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM). Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

¶2        The appellant sustained a work-related injury while employed with the U.S. Postal Service, making him eligible for benefits from the Office of Workers' Compensation Programs (OWCP).  Initial Appeal File (IAF), Tab 11 at 48.  The appellant took his OWCP benefit in a lump-sum payment of $100,153.62, i.e., a schedule award.  *Id*. at 54.  The appellant also became eligible for Social Security disability benefits commencing on November 1, 2009; however, he received a reduced benefit because of his OWCP payment.  *Id*. at 24.  Additionally, he became eligible for a disability retirement annuity under the Federal Employees' Retirement System (FERS) commencing on June 10, 2009.  *Id*. at 34.  He received both a FERS disability annuity and reduced Social Security disability benefits until June 1, 2012.

¶3        In a reconsideration decision, OPM found that the appellant had been overpaid $34,246 in disability retirement annuity benefits because OPM had not reduced his FERS annuity to account for his Social Security benefits during the period of time from June 9, 2009, to June 1, 2012.  *Id*. at 6.  In calculating the overpayment, OPM deemed the appellant to have received the full amount of the Social Security benefit to which he would have been entitled but for the OWCP

payment, not the reduced Social Security benefit that he actually had received during the period of time that he was overpaid. *Id.* at 34.

¶4　　　In his petition for appeal, the appellant contended that OPM should have calculated the overpayment using only the amount of the Social Security disability benefit that he actually received; that is, the benefit as reduced by his receipt of the OWCP schedule award. IAF, Tab 3. He did not request a hearing. Based on the written record, the administrative judge found that OPM properly calculated the appellant's overpayment as though he had received 100% of the Social Security benefit to which he would have been entitled had he not received the OWCP award. IAF, Tab 17, Initial Decision (ID) at 5-8. He also found that the appellant failed to show that he was entitled to waiver of the overpayment. ID at 8-10. He found that the appellant did not show that he had surrendered a valuable right because of the overpayment or that collection would be patently unfair because of OPM's delay in adjusting his annuity. ID at 8-9. He found further that the appellant presented no evidence that collection of the overpayment in the amount of $398 per month for 86 months with a final payment of $18 would cause him financial hardship. ID at 10; IAF, Tab 11 at 9.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5　　　In his petition for review, the appellant repeats the arguments that he made below, asserting that recovery would be patently unfair and that the administrative judge erred in finding that he was not entitled to waiver. Petition for Review File, Tab 1.

¶6　　　A FERS disability annuity must be reduced by the Social Security disability amount to which the annuitant is entitled, as determined by the Social Security Administration (SSA). 5 U.S.C. § 8452(a)(2); *Maxwell v. Office of Personnel Management*, 78 M.S.P.R. 350, 355 (1998), *overruled on other grounds by Conner v. Office of Personnel Management*, 120 M.S.P.R. 670 (2014); *Johnston v. Office of Personnel Management*, 70 M.S.P.R. 109, 112–17, *aff'd*, 99 F.3d

1160 (Fed. Cir. 1996) (Table); 5 C.F.R. § 844.302(b)(2). During the first 12 months after a FERS annuity commences, the FERS annuity is reduced by 100% of the Social Security disability benefit to which the annuitant is entitled during that period; thereafter, the FERS annuity is reduced by 60% of the Social Security disability benefit to which the annuitant is entitled during that period. 5 U.S.C. § 8452(a)(2)(A); *Maxwell*, 78 M.S.P.R. at 355; 5 C.F.R. § 844.302(b)(2), (c)(2). The Board has found that OPM is correct in determining that it is required to reduce the appellant's FERS annuity based on the annuitant's entitlement, rather than actual receipt, of Social Security benefits. *See Maxwell*, 78 M.S.P.R. at 355; *cf. Hicks v. Office of Personnel Management*, 44 M.S.P.R. 340, 343 (1990) (observing that there is no requirement that the appellant actually receive Social Security benefits before his annuity will be offset under 5 U.S.C. § 8332(j)).

¶7      The Board reviewed the relevant statutory and regulatory provisions and concluded that, notwithstanding that a disability retirement annuitant is in receipt of a schedule award from the OWCP, OPM is correct in its determination that it is required to reduce the appellant's FERS annuity by the full, unreduced Social Security disability insurance amount to which he is entitled, as determined by the SSA, because such amount represents the assumed Social Security disability insurance amount used in computing the appellant's FERS annuity. *See Johnston*, 70 M.S.P.R. 109, 111. The Board found that nowhere in the relevant legislation as proposed or enacted is there any expression of Congress that a FERS annuitant's annuity should not be reduced by all of the Social Security benefits to which he is entitled. *Id*. at 116.

¶8      The Board noted that the Social Security component is the largest component of FERS and found that it is reasonable that any deductions required would be from the primary component and would be taken by the SSA from the full amount of the Social Security disability insurance benefit. The FERS disability annuity is offset by the unreduced Social Security disability insurance amount to avoid any duplicate payments. For example, if the SSA already offset

the appellant's Social Security disability insurance benefit by an OWCP schedule award and the entire amount of such disability benefit is offset from FERS, the appellant receives no duplicate payments—the payments from OWCP, the payment from the SSA, and the FERS annuity contain no duplicate benefits. *Id.*

¶9        The U.S. Court of Appeals for the Federal Circuit affirmed the Board's reasoning. The court held that OPM's interpretation of the controlling statute, as manifested in the regulation designed to implement the statute, is not unreasonable. *See Johnston v. Office of Personnel Management*, 99 F.3d 1160, 1163 (Fed. Cir. 1996) (Table). The court found that OPM's interpretation essentially leaves to the SSA the task of adjusting the SSA benefits in light of, e.g., OWCP awards and schedule payments. *Id.* Applying the Board's and the court's *Johnston* decisions in the overpayment context, OPM also properly uses the full amount that the SSA calculates as an employee's benefit entitlement in both the adjustment of the FERS annuity and the calculation of any overpayment caused by temporary dual payment by the SSA and FERS.

¶10        Regarding waiver, the appellant asserts that he is entitled to waiver because OPM failed to notify him of the correct amount of the overpayment for 3 years and only told him to set aside the amount that he was receiving from SSA, an amount that is insufficient to pay the overpayment. The appellant contends that OPM should have informed him of its method to calculate the overpayment as OPM was aware that the SSA disability payment had been reduced because of his OWCP schedule award.

¶11        The appellant bears the burden of establishing his entitlement to a waiver of recovery of the overpayment by substantial evidence. *See Knox v. Office of Personnel Management*, 107 M.S.P.R. 353, ¶ 5 (2007). To be entitled to a waiver, the appellant must meet a two-part test. He must show by substantial evidence that: (1) he is without fault in creating the overpayment; and (2) recovery of the overpayment would be against equity and good conscience. 5 U.S.C. § 8470(b); 5 C.F.R. § 845.301; *see, e.g., Parker v. Office of*

*Personnel Management*, [75 M.S.P.R. 688](#), 692 (1997); *Sawyer v. Office of Personnel Management*, [74 M.S.P.R. 527](#), 530 (1997)  Here, the administrative judge determined that it was undisputed that the appellant was without fault.  ID at 8.   Recovery is against equity and good conscience when it would cause financial hardship, the annuitant can show that he relinquished a valuable right or changed positions for the worse, or recovery would be unconscionable under the circumstances.  *Knox*, [107 M.S.P.R. 353](#), ¶ 8; [5 C.F.R. § 845.303](#).

¶12        We agree with the administrative judge that, even if the appellant is without fault, because he failed to submit evidence to show that repaying the overpayment would cause him financial hardship, he failed to show that he is entitled to waiver on that basis.  We also agree that the appellant failed to show that the fact that he used the overpayment in part to pay existing debts, service his roof, and pay needed living expenses does not rise to the level necessary to show that he changed position for the worse or surrendered a valuable right.  We further agree that, contrary to the appellant's assertion on petition for review, OPM informed him that it would reduce his FERS disability annuity by the amount to which SSA determined that he was entitled as disability payments.  IAF, Tab 11 at 17, 34.  It is unfortunate that the appellant did not read OPM's notification as leading to the calculation of his overpayment using the amount to which the SSA determined he was entitled, prior to the reduction to account for his schedule award from the OWCP.   Nonetheless, we agree with the administrative judge that OPM's communications with the appellant did not render recovery unconscionable under the circumstances.  Accordingly, we affirm OPM's decision that the appellant must repay OPM the overpayment amount of $34,246 in monthly installments of $398 plus one installment of $18.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.